IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | CIVIL ACTION NO. 2:05cv143-T |
| ) | WO |
| MARCUS CERVANTES KNIGHT ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a *motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255* filed by federal inmate Marcus Cervantes Knight ("Knight") on February 9, 2005.[1]  In his motion, Knight challenges the sentence he received for his 1994 conviction for possession with intent to distribute cocaine base.  Knight claims that his sentence violates the holdings of the Supreme Court's recent decisions in *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738 (2005), and *Blakely v. Washington*, ___ U.S. ___, 124 S.Ct. 2531 (2004).  Upon review of Knight's motion, it is clear that he is entitled to no relief from this court.

**I. DISCUSSION**

This court's records indicate that Knight has filed a previous 28 U.S.C. § 2255 motion challenging his conviction and sentence for possession with intent to distribute cocaine base as well as a conviction and sentence, arising from the same proceeding, for using or carrying

---

[1] Although Knight's motion is date stamped "received" on February 14, 2005, under the "mailbox rule," the court deems it filed on the date he delivered it to prison authorities for mailing, presumptively, February 9, 2005, the day that he signed it.  *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

a firearm during and in relation to a drug trafficking crime. *See United States v. Knight,* Case No. 2:93cr313, *Apr. 17, 1997, Motion to Vacate Under 28 U.S.C. § 2255* (Doc. 60). That § 2255 motion was granted with respect to Knight's firearm conviction and sentence, which were vacated and set aside, and denied with respect to Knight's conviction and sentence for possession with intent to distribute cocaine base. *See United States v. Knight,* Case No. 2:93cr313, *Mar. 20, 2000, Recommendation of Magistrate of Judge* (Doc. 72); *Apr. 12, 2000, Order of District Court Judge Adopting Recommendation* (Doc. 77).

Because Knight's instant § 2255 motion attacks the sentence for possession with intent to distribute cocaine base at issue in his previous § 2255 motion, and that sentence and the underlying conviction were unaltered by the proceedings on his previous § 2255 motion (i.e., the § 2255 motion was denied with respect to that conviction and sentence), the instant § 2255 motion is successive. *See Galtieri v. United States*, 128 F.3d 33, 37-38 (2nd Cir. 1997) ("[W]henever a first 2255 petition succeeds in having a sentence amended, a subsequent 2255 petition will be regarded as a 'first' petition only to the extent that it seeks to vacate the new, amended component of the sentence, and will be regarded as a 'second' petition to the extent that it challenges the underlying conviction or seeks to vacate any component of the original sentence that was not amended.").

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") provides that to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion.

*See* 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255 ¶8.  The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255 ¶8.

Knight has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.  A district court lacks the jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion.  *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004).  Accordingly, this court lacks the jurisdiction to consider Knight's present motion, and the motion is due to be summarily dismissed.[2]

---

[2]Knight argues that the decisions in *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738 (2005), and *Blakely v. Washington*, ___ U.S. ___, 124 S.Ct. 2531 (2004), should be applied retroactively to his case.  However, the Eleventh Circuit Court of Appeals has held that neither *Booker* nor *Blakely* is retroactive to cases on collateral review.  *See In re Anderson*, ___ F.3d ___, 2005 WL 123923 (11th Cir. Jan. 21, 2005), and *In re Dean*, 375 F.3d 1287 (11th Cir. 2004).  Thus, in addition to the statutory bar on which this Recommendation is based, Knight cannot prevail on the merits of his substantive claims.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the § 2255 motion filed by Knight on February 9, 2005, be denied and this case dismissed, as Knight has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before June 9, 2005.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

Done this 27th day of May, 2005.

/s/ Delores R. Boyd

DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE